MENKEN BROTHERS v. THOMAS J. TAYLOR et als.

1. VENDOR'S LIEN. *Notes for purchase money. Assignee.* Notes were executed for the purchase money of a tract of land, lien being retained. The vendor transferred one of the notes, guaranteeing that the note should be paid in preference to the others; *Held*, that the holder of the note was entitled to priority of payment, as against the vendor or his subsequent assignee.

2. SAME. *Same. Surety.* Where several notes have been executed for purchase money, one of which is secured by personal security, and the surety pays the note for which he is liable, he is not entitled to be reimbursed out of the proceeds of the land sold to pay balance of the purchase money until the same has been paid in full.

FROM TIPTON.

Appeal from the Chancery Court at Covington. H. J. LIVINGSTON, Ch.

Menken *v.* Taylor.

Thomas Steele for Complainants.

Bate & Smitheal and E. J. & J. C. Read and Zach. Taylor for Defendants.

Turney, J., delivered the opinion of the Court.

Ann E. Peete, the wife of John S. Peete, was the owner of a tract of land, with power of disposition, as if a *femme sole.* On the 12th of August, 1872, she sold, and herself and husband conveyed to Thomas J. Taylor for the price of $4,275. For the first payment of $1,000, on the 1st of January, 1873, Thomas J. Taylor executed his note, with his father, Thomas Taylor, as security. This note was paid mainly by the surety. For the remainder, Thomas J. executed his three notes to be paid in equal annual installments of $1,091.13. A deed was made retaining a lien.

On the 13th of March, 1873, Peete and wife assigned the first of these notes to Menken Bros., in payment of a pre-existing debt of the husband. The note recites that it is given for land, etc. The assignment is as follows:

"For value received, we assign the within note to Menken Bros., and the said John S. Peete waives demand and notice, and guarantees the payment of the within note, and we both assign the lien on the land for which this note was given, and agree that this note, in case of a vendor's bill, shall be paid prior to any other note given for said land.

"March 13th, 1873.

"John S. Peete,
"Ann E. Peete.

At the time of this assignment, Peete and wife were the owners and holders of the other two notes, and continued so until the 1st of August, 1873, when "they traded" them to Orgill Bros., in payment of a pre-existing debt.

The questions are: 1st, Are the Menken Bros. entitled to priority of satisfaction?

2nd, Is the surety, Thomas Taylor, entitled to be repaid *pro rata* the sum paid by him, in the event the land does not sell for enough to pay the entire purchase money?

The general rule is that owners of purchase money notes, secured by a lien on land, are to be paid *pro rata*. The rule may be varied or changed by a stipulation to the contrary.

In this case the notes recite the consideration to be a tract of land. The deed mentions the several notes by dates of execution and maturity as well as amounts.

At the time of the assignment to Menken Bros., Peete and wife were the owners of all the notes and of the lien. They had the right of disposing of all or either, upon such terms as suited them. If they desired to use one of the notes, and could and did do so by making a priority of lien a security for its payment, they, or those claiming under them, will not be heard to complain.

Orgill Bros. had their attention called to the existence of the deed, of the prior note, and of the lien retained for the payment of all the notes.

They were bound to see they were getting the deferred notes, and were put upon inquiry as to the whereabouts and status of the first. They took such interest, and no more, as their vendors had, and are entitled to just such security as they had and no more.

The security, Taylor, is not entitled to be repaid out of the proceeds of the sale of the land until all the purchase money notes have been paid to the vendors or their assignees.

The decree is affirmed.